UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:14-cv-303-FDW

| HASSAN SILLAH, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | **ORDER** |
|  | ) |  |
| FRANK L. PERRY, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**THIS MATTER** is before the Court on consideration of Petitioner's pro se complaint filed pursuant to 42 U.S.C. § 1983.

## I. BACKGROUND

Plaintiff was convicted of common law robbery on July 14, 2014, in Henderson County Superior Court, and ordered to serve a term of 19-months' imprisonment in the North Carolina Department of Public Safety (DPS). In his complaint, Plaintiff contends that DPS maintains a policy of detaining prisoners beyond their actual release date from state custody if the Immigration and Customs Enforcement (ICE) has filed a detainer which alleges that the prisoner is classified as an alien, and may be subject to deportation following his release.[1] Plaintiff contends that this alleged practice is unconstitutional and he seeks several forms of relief including the issuance of an injunction prohibiting this practice and a declaration that this

---

[1] See United States v. Uribe-Rios, 558 F.3d 347, 350 n.1 (4th Cir. 2009) ("A detainer is a mechanism by which federal immigration authorities may request that another law enforcement agency temporarily detain an alien 'in order to permit assumption of custody by the Department [of Homeland Security].'") (citing 8 C.F.R. § 287.7(d)).

1

practice is unconstitutional.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(A)(a), "The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Following this initial review the "court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted." Id. § 1915A(b)(1). In conducting this review, the Court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

A pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under Federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990).

## III. DISCUSSION

Plaintiff filed a written grievance while incarcerated in Mountain View Correctional Institution in an effort to challenge DPS's alleged practice of detention.[2] Plaintiff's grievance was denied and in particular, it was noted that Plaintiff did have an immigration detainer on file, but he "would not be held past his release no matter if the detainer exists or not." (1:14-cv-303, Doc. No. 3 at 1). According to the DPS website, Plaintiff was released on December 31, 2014.

---

[2] In North Carolina, state prisoners must complete a three-step administrative remedy procedure (the "ARP") in order to properly exhaust their administrative remedies. See N.C. Gen. Stat. §§ 148-118.1 to 148-118.9 (Article 11A: Corrections Administrative Remedy Procedure); Moore v. Bennette, 517 F.3d 717, 721 (4th Cir. 2008) (discussing the ARP).

Thus it appears that despite Plaintiff's protests to the contrary, DPS had no such plan to "illegally" detain him past his release date based on the ICE detainer, and his requests for relief are therefore without merit and moot in any event. See Rendelman v. Rouse, 569 F.3d 182, 186 (4th Cir. 2009) ("[A]s a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief with respect to his incarceration there."). Put another way, "a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the out-come." Incumma v. Ozmint, 507 F.3d 281, 286 (4th Cir. 2007) (citing Powell v. McCormack, 395 U.S. 486, 496 (1969)).

For the reasons stated herein, Plaintiff's complaint will be dismissed for failure to state a claim for relief. 28 U.S.C. § 1915A(b)(1).

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's complaint is **DISMISSED**. (Doc. No. 1).
2. Plaintiff's motion for appointment of counsel is **DENIED**. (Doc. No. 5).
3. Plaintiff motions for temporary restraining orders are **DENIED**. (Doc. Nos. 8 and 9).

The Clerk is directed to close this civil case

**IT IS SO ORDERED.**

Signed: January 30, 2015

Frank D. Whitney
Chief United States District Judge